**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bradley Scott SUMMERS,**
**Defendant–Appellant.**

**No. 88–3203.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1989.*

Decided Feb. 5, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Steven T. Wax, and Robert Reid, Federal Public Defender's Office, Portland, Or., for defendant-appellant.

Charles H. Turner, Baron C. Sheldahl, U.S. Atty's. Office, Portland, Or., for plaintiff-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Bradley Scott Summers appeals from an order sentencing him to 210 months imprisonment, with a three year term of supervised release, for bank robbery, in violation of 18 U.S.C. § 2113(a). Summers contends that the district court erred in refusing to apply the two-point reduction for acceptance of responsibility to career offenders. He also advances various constitutional challenges to the federal Sentencing Guidelines ("Guidelines") that were promulgated pursuant to The Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–3625, 3673, 3742, 28 U.S.C. §§ 991–998. We uphold the constitutionality of the Guidelines and affirm the court's refusal to apply the reduction.

## BACKGROUND

On December 1, 1987, Summers robbed the Far West Savings Bank in Tigard, Oregon. He was apprehended shortly thereafter with the demand note and $965.00 in his possession. Summers was subsequently indicted for this and an earlier bank robbery. He pled not guilty at his arraignment on December 31, 1987. On May 19, 1988, he filed a motion to enjoin the application of the Guidelines to his case on the basis that they were unconstitutional. On March 21, 1988, Summers changed his plea to guilty on the December 1 bank robbery.

Prior to accepting Summers' plea, Judge Marsh explained the new sentencing procedure under the Guidelines and that Summers could receive up to the maximum statutory sentence. Further, he explained that parole had been abolished by the Guidelines. Summers signed a statement in open court indicating that he understood the rights that he was waiving.

Chief Judge Panner, with the concurrence of the entire court, transferred all of the cases involving constitutional challenges to the Guidelines to Judge Burns. Oral argument was held on June 15, 1988. Judge Burns found the constitutional challenges invalid in an opinion issued June 30, 1988, *United States v. Belgard*, 694 F.Supp. 1488 (D.Or.1988).

On August 3, 1988, Judge Marsh sentenced Summers to 210 months imprisonment, and a three year term of supervised release. The presentence report indicated that Summers had an offense level of 17, but the career offender provision increased his offense level to 32, with a criminal history of VI. *See* U.S.S.G. § 4B1.1. In addition, Judge Marsh found that the two point reduction for acceptance of responsibility did not apply to career offenders. He also agreed with Judge Burns and rejected the constitutional issues raised by Summers.

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

A. *The Constitutionality of the Sentencing Guidelines.*

Summers attacks the Guidelines on grounds that the function of the probation officer under the Guidelines is violative of separation of powers and denies due process. He similarly attacks the Temporary Order issued by the District Court for the District of Oregon on December 15, 1987. He also claims that the Guidelines violate due process by unduly restricting proba-

tion. These issues are identical to those raised by the defendant in *United States v. Belgard,* 894 F.2d 1092 (9th Cir.1990), a companion case also decided by this court. For reasons stated in this court's opinion in *Belgard,* we reject Summers' constitutional challenges to the Guidelines and affirm the district court's decision.

### B. *Acceptance of Responsibility by Career Offenders.*

Summers claims that the district court erred when it decided that career offenders are not entitled to a two point reduction for acceptance of responsibility. He, therefore, attacks the district court's construction of the Guidelines. Issues of statutory construction are questions of law that we review de novo. *United States v. McConney,* 728 F.2d 1195 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). That standard of review will be applied to construction of the Guidelines.

Summers claims that the district court erred when it did not reduce his sentence by two points after he accepted responsibility by pleading guilty.[1] Summers contends that the two-point reduction for the acceptance of responsibility applies to every offense level, irrespective of where that sentence appears in the Guidelines.

The circuit courts that have addressed this question disagree with the defendant. These courts have found that the two-point reduction for acceptance of responsibility does not apply to the career offender section. *See United States v. Cruz,* 882 F.2d 922, 926 (5th Cir.1989); *United States v. Alves,* 873 F.2d 495, 498 (1st Cir.1989); *United States v. Huff,* 873 F.2d 709, 713 (3d Cir.1989). We agree with those circuits' interpretation of the Guidelines.

A proper construction of the Guidelines supports that interpretation. The instructions for the application of U.S.S.G. § 1B1.1 indicate that the trial judge's first task in imposing a sentence is to determine the offense level for that sentence. U.S. S.G. § 1B1.1(a) and (b). This is done by examining the statute of conviction for the crime committed and comparing it to the table set out in the Guidelines. This level is then adjusted according to several factors, including the acceptance of responsibility reduction. U.S.S.G. § 1B1.1(c). Thereafter, the court determines the defendant's criminal history category. U.S.S.G. § 1B1.1(f). If the defendant, however, comes within the career offender provision of U.S.S.G. § 4B1.1, then a new offense level is set and the criminal history category is VI. If the offense level under the career offender provision is greater than the offense level initially computed, then the offense level calculated under the career offender section controls. U.S.S.G. § 4B1.1. This helps to carry out the Congressional mandate stated in 28 U.S.C. § 994(h) that the Commission should draft the Guidelines to ensure that career offenders receive at or near the maximum term authorized by statute. *See United States v. Sanchez–Lopez,* 879 F.2d 541, 559 (9th Cir.1989).[2]

In addition, the amendments to Chapter 4, Part B, effective June 15, 1988, of the Guidelines bolster this interpretation. Chapter 4, Part B includes the criminal livelihood section and the career offender section. The Sentencing Commission explicitly revised the criminal livelihood section to include the acceptance of responsibility provision. U.S.S.G. § 4B1.3. No such amendment was made to the career offender section. We find that the fact that the Commission did not explicitly incorporate the reduction for acceptance of responsibility within the career offender section, coupled with the fact that Congress mandated that career offenders should receive at or near the maximum statutory sentence, evidences an intent not to reduce career offenders' offense levels

---

1. U.S.S.G. § 3E1.1(a) provides for a reduction in the defendant's offense if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...."

2. Bank robbery carries a maximum sentence of 20 years. 18 U.S.C. § 2113(a).

for acceptance of responsibility.[3] This makes practical sense since the concept of a career offender who accepts responsibility borders on being an oxymoron. It at least may seem to be too little too late. However, nothing we have said prevents the trial judge from considering the defendant's acceptance of responsibility in imposing a lower sentence within the higher Guidelines' Career Offender range.

## C. *The Special Assessment*

Because we have held that the special assessment is an unconstitutional taxing device, we find that Summers is not required to pay the $50.00 assessment. *See United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), *cert. granted*, —— U.S. ——, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989).

## CONCLUSION

The use of a probation officer by the courts in the Guidelines Sentencing cases does not violate principles of separation of powers. Nor does it deny the defendants due process. Moreover, the Guidelines do not violate due process by limiting the instances when probation is available. The Temporary Order of December 15, 1987, is also appropriate.

We join the other circuits which have found that defendants who come within the career offender provisions of the Guidelines are not entitled to a two-point reduction for acceptance of responsibility. We vacate the assessment. In all other respects, the decision of the district court is AFFIRMED.

---

**3.** Of course, before the amendment became effective it had to be presented to Congress. 28 U.S.C. § 994(p).