**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Michael MOONEYHAM,**
**Defendant–Appellant.**

**No. 89–50573.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 3, 1990 *.

Submission Withdrawn June 3, 1991.

Resubmitted June 28, 1991.

Decided July 3, 1991.

Neison M. Marks, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Kendra S. McNally, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, CHOY and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

On July 17, 1989, Paul Michael Mooneyham pleaded guilty to two counts of unarmed bank robbery. The presentence report concluded that Mooneyham was entitled to a two-level reduction in his Sentencing Guidelines offense level for acceptance of responsibility and determined the level to be 19. However, because Mooneyham qualified as a career offender, Guidelines section 4B1.1 required that his offense level be 32 and that his criminal history category be VI. *See* U.S.S.G. § 4B1.1 (1990).

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

These factors placed the sentencing range at 210–262 months.

On October 25, 1989, the district court sentenced Mooneyham to two concurrent terms of 236 months each, followed by five years of supervised release. The court rejected Mooneyham's argument that the offense level of 32 set by section 4B1.1 should have been reduced by two points to reflect his acceptance of responsibility. Mooneyham appeals his sentence, arguing that a subsequent amendment to section 4B1.1 requires that his sentence take into account his acceptance of responsibility. We affirm.

## I

Construction of the Sentencing Guidelines is a question of law that we review *de novo*. *United States v. Summers*, 895 F.2d 615, 617 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 389, 112 L.Ed.2d 399 (1990).

 The district court is to apply the version of the Sentencing Guidelines in effect on the date of sentencing. *United States v. Turner*, 898 F.2d 705, 709 n. 1 (9th Cir.1990). At the time Mooneyham was sentenced, we had clearly held that a career offender whose sentence was controlled by Guideline 4B1.1 could not obtain the two-point reduction in offense level offered by Guideline 3E1.1.[1] *Id.* at 617–18. Mooneyham argues, however, that an amendment to section 4B1.1 applies retroactively to require a two-point reduction even though his offense level is dictated by the career offender provisions.

Effective November 1, 1989, section 4B1.1 was amended to state: "If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels." U.S.S.G. Appendix C, Amendment 266 (1990). Three circuits have held that Amendment 266 does not apply retro-

actively. *See United States v. Alvarez*, 914 F.2d 915, 917 n. 1 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Havener*, 905 F.2d 3, 4–8 (1st Cir.1990); *United States v. Williams*, 905 F.2d 217, 218 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 687, 112 L.Ed.2d 678 (1991); *see also United States v. Nottingham*, 898 F.2d 390, 391–92 (3d Cir.1990). Two circuits have suggested in dicta that Amendment 266 is only a "clarification" of section 4B1.1. *See United States v. Delvecchio*, 920 F.2d 810, 813 n. 4 (11th Cir.1991) (citing *United States v. Maddalena*, 893 F.2d 815, 818 (6th Cir.1989)). We now join the former category and hold that Amendment 266 is not retroactive.

The purpose of Amendment 266 is "to authorize the application of § 3E1.1" to the criminal offense levels set for career offenders. U.S.S.G. Appendix C, Amendment 266. The word "authorize" suggests that prior to the amendment a sentencing court did not have the power to apply section 3E1.1 to the level set by section 4B1.1. *See Havener*, 905 F.2d at 5. Furthermore, the Guidelines Commission has been explicit when it has intended an amendment to clarify a section. *See, e.g.,* U.S.S.G. Appendix C, Amendment 267 (1990) (Amendment 267 was intended "to clarify the operation of the guideline").

Amendment 266 was not included on the list of amendments that are to be given retroactive effect. *See* U.S.S.G. § 1B1.10(d). Mooneyham argues that the list in section 1B1.10 deals only with the retroactive effect of amendments that are the basis of a prisoner's motion for modification of a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2). He contends that because he is appealing the district court's refusal to reduce his offense level, rather than seeking a modification of

---

1. Guideline 3E1.1(a) provides: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." U.S.S.G. § 3E1.1(a). In *Summers,* we determined that this provision did not apply to career offenders because the Guidelines require the sentencing judge first to determine the of-

fense level, at which point section 3E1.1 may apply, and then to determine the criminal history category. *See* U.S.S.G. § 1B1.1(c), (f). Because it is at the criminal history stage that section 4B1.1 establishes a new minimum criminal offense level for a career offender, we determined that section 3E1.1(a) does not apply to career offenders. *Summers,* 895 F.2d at 617.

his sentence, section 1B1.10 does not apply. To accept this argument, we would have to hold that when a sentence is appealed, the Guidelines that apply are those in effect at the time of the appeal, rather than those in effect at the time of sentencing. To do so would not only violate the law of this circuit, *see Turner*, 898 F.2d at 709 n. 1, it would create an incentive for defendants to delay appeals or to take unnecessary appeals in order to preserve the possibility that a future amendment not listed in section 1B1.10 would nevertheless apply to them. *See Havener*, 905 F.2d at 7–8.

Amendment 266 is not retroactive. The sentence imposed by the district court is AFFIRMED.