955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe D. FERNANDEZ, Defendant-Appellant.
 No. 91-15585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 Joe D. Fernandez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to correct his sentence. Fernandez pleaded guilty to robbery of a savings and loan association in violation of 18 U.S.C. § 2113(a). The district court sentenced him as a career offender under Guidelines § 4B1.1 to a prison term of twenty years. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 2
 Fernandez first contends that he is entitled to a two-level reduction in his Sentencing Guidelines offense level for acceptance of responsibility. This contention lacks merit.
 
 
 3
 Fernandez was sentenced on July 25, 1988 as a career offender under Guidelines § 4B1.1, which required that his offense level be 32 and that his criminal history category be VI. At the time he was sentenced, section 4B1.1 did not provide for a two-point reduction in the offense level. See United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991). Subsequently, section 4B1.1 was amended effective November 1, 1989 to provide for a downward adjustment for acceptance of responsibility for career offenders whose sentences were controlled by section 4B1.1. See id. This amendment to section 4B1.1 is not retroactive. Id. Moreover, defendants sentenced before November 1, 1989 under the version of section 4B1.1 then in effect are not eligible for a reduction in their offense level for acceptance of responsibility under Guidelines section 3E1.1. United States v. Summers, 895 F.2d 615, 617-18 (9th Cir.), cert. denied, 111 S.Ct. 389 (1990). Accordingly, the district court properly denied Fernandez's section 2255 motion to reduce his offense level for an acceptance of responsibility. See Mooneyham, 938 F.2d at 140.
 
 
 4
 Fernandez next contends that the district court erred by classifying him as a career offender under section 4B1.1 because his 1984 California state conviction for first-degree burglary of a residence was not a crime of violence. This contention lacks merit. First-degree burglary of a residence under California law constitutes a crime of violence for purposes of sentence enhancement under the career criminal provisions of the federal Sentencing Guidelines. United States v. Becker, 919 F.2d 568, 570-73 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his motion to amend his section 2255 motion, Fernandez also claimed that his 1976 California state conviction for assault with a deadly weapon could not be used to classify him as a career offender because the state conviction was over ten years old at the time of his federal offense. Fernandez has not raised this claim on appeal, and therefore we do not consider it. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)