972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARTINEZ-ORTEGA, Defendant-Appellant.
 No. 91-30419.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 24, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Martinez-Ortega appeals from the denial of his motion to correct his sentence under Fed.R.Crim.P. 35. Martinez-Ortega was originally sentenced on May 6, 1988, and resentenced on March 26, 1991, following a limited remand from this court. He did not appeal from his resentencing, but filed a motion under Rule 35, contending that his second sentence was illegal because he was not accorded the benefit of amendments to the United States Sentencing Guidelines which applied to issues outside the scope of this court's remand. On appeal, he contends that the district court should have granted the Rule 35 motion because it erred by sentencing him as a career offender under the Guidelines, and alternatively by not awarding him a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the legality of a criminal sentence. United States v. Roberson, 896 F.2d 388, 390 (9th Cir.1990).
 
 
 4
 A defendant must be sentenced in accordance with the Guidelines that are in effect on the date of his sentencing. 18 U.S.C. § 3553(a)(4). The version of Rule 35 effective since November 1, 1987 provides in relevant part:
 
 
 5
 The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law ... upon remand of the case to the court--
 
 
 6
 (1) for imposition of a sentence in accord with the findings of the court of appeals; or
 
 
 7
 (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.
 
 
 8
 Fed.R.Crim.P. 35(a). Other than in the manner described in Rule 35(a), the district court lacks authority to alter a sentence except under narrow circumstances not applicable here.[1] See United States v. Miller, 822 F.2d 828, 832 (9th Cir.1987) ("[t]he rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal").
 
 
 9
 Here, after Martinez-Ortega's direct appeal, we affirmed his conviction and rejected all his sentencing challenges but one. United States v. Sanchez-Lopez, 879 F.2d 541 (9th Cir.1989). We agreed with his contention that the two conspiracy counts on which he was convicted were multiplicious, and remanded for resentencing "with instructions that the district court vacate and stay the judgment of conviction on one of the two counts." Id., 879 F.2d at 550. We also permitted him to raise before the district court a due process challenge to specific provisions of the Guidelines. Id., 879 F.2d at 556. We specifically rejected his challenge to the use of his prior state offenses as predicates for his career offender status under U.S.S.G. § 4B1.1.[2] Id., 879 F.2d at 558-561.
 
 
 10
 On remand, the district court vacated the conviction and sentence as to one of the multiplicious counts and resentenced Martinez-Ortega to identical sentences on the remaining counts. Martinez-Ortega did not appeal from this sentence. Subsequently, however, he filed the motion under Rule 35, alleging that the sentence was illegal because one of his prior offenses was not a predicate offense under section 4B1.1 and because the district court did not award him an adjustment for acceptance of responsibility. Both of these contentions were based on amendments to the Guidelines which took effect after the date of his original sentencing and before the date of his resentencing following remand.[3]
 
 
 11
 Rule 35 restricts the district court's authority to resentence following a remand. It may act only "in accord with the findings of the court of appeals" and in instances in which the district court "determines that the original sentence was incorrect." Fed.R.Crim.P. 35(a) (emphasis added). The appellate court's disposition of matters not included in the remand order constitutes the law of the case, which will not be disturbed except to correct a "manifest injustice." Miller, 822 F.2d at 832.
 
 
 12
 Our decision following Martinez-Ortega's first appeal found only one flaw in the district court's sentence, and we vacated and remanded with instructions for it to vacate the sentence on the multiplicious count only. In all other respects raised by that appeal, we found the original sentence to be correct and legal under the Guidelines in effect on the date of sentencing. Regardless of the merits of Martinez-Ortega's claims with respect to the Guidelines in effect by the time he was resentenced, he has not pointed to any flaws in the original sentence.[4] As a result, the district court had no authority to further amend his sentence under Rule 35(a)(2), and it did not err by denying the motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court may reduce a sentence to reflect a defendant's assistance to authorities following a motion by the government, see Fed.R.Crim.P. 35(b), and, as of December 1, 1991, may act within seven days of imposition of sentence to correct its own technical errors, see Fed.R.Crim.P. 35(c) (1991). Neither of these rules is implicated by this appeal
 
 
 [2]
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence of a controlled substance offense." U.S.S.G. § 4B1.1
 
 
 [3]
 Effective November 1, 1989, section 4B1.2 was amended to restrict the definition of "controlled substance offense" to focus on offenses implicating the manufacture, importation, and distribution of controlled substances. Compare U.S.S.G. § 4B1.2(2) and comment. (n. 2) (1987) with U.S.S.G. § 4B1.2 and comment. (n. 1) (1989)
 In addition, before November 1, 1989, defendants classified as career offenders were not eligible for a downward adjustment for acceptance of responsibility. See United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991). Since that date, however, the Guidelines allow the adjustment in those cases where a career offender is found to have accepted responsibility. See U.S.S.G. § 4B1.1.
 
 
 [4]
 Martinez-Ortega states that under the post-1989 Guidelines, his prior conviction for felony possession of heroin would not constitute a predicate offense for career offender status, or alternatively, that he would be eligible for an adjustment for acceptance of responsibility even as a career offender. We do not reach the merits of these claims
 We have previously held that the 1989 amendment to section 4B1.1, which permits career offenders to receive adjustments for acceptance of responsibility, does not apply retroactively. See Mooneyham, 938 F.2d at 140-41. We noted that the relevant amendment did not appear in the Guidelines' own list of amendments with retroactive application in U.S.S.G. § 1B1.10. Id., 938 F.2d at 140. The 1989 amendment which affects the use of a prior conviction for possession of controlled substances when calculating career offender status also does not appear in the list of retroactive amendments. See U.S.S.G. § 1B1.10(d) (1989). Accordingly, neither of these amendments affects the validity of Martinez-Ortega's original sentence. See Mooneyham, 938 F.2d at 140-41.