**UNITED STATES of America, Plaintiff,**

v.

**Henry Richard PUSTOL, Defendant.**

**No. CR–91–012–JLQ.**

United States District Court,
E.D. Washington.

Jan. 29, 1993.

James B. Crum (at time of plea), Asst. U.S. Atty., Spokane, WA, for plaintiff.

Henry Richard Pustol, pro se.

Allen M. Gauper (at time of plea), Spokane, WA, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

QUACKENBUSH, Chief Judge.

BEFORE THE COURT is the Defendant's *pro se* Post Conviction Relief Motion, heard without oral argument on January 22, 1993. The Defendant seeks reduction of his sentence through the retroactive application of the November 1, 1992 amend-

ment to section 3E1.1 of the Sentencing Guidelines, which allows the court to reduce the offense level by three points if the Defendant has assisted in the investigation or prosecution of his case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 1991, the Defendant was indicted on a charge of bank robbery in violation of 18 U.S.C. § 2113(a). It was alleged that on or about February 8, 1991, the Defendant took approximately $240 from a branch of the Washington Trust Bank, whose funds were then insured by the Federal Deposit Insurance Corporation.

The case was resolved without trial through a negotiated plea agreement, wherein the Defendant agreed to plead guilty to the bank robbery charge. The plea agreement was accepted by the late Judge Robert J. McNichols on April 10, 1991.

Sentencing occurred before this court on June 21, 1991. During the sentencing hearing, the court held that the Defendant's final offense level was 20. The Defendant's final offense level was calculated by reducing his original offense level of 22 by two points for acceptance of responsibility. At the time, this two-point reduction was the maximum allowed for acceptance of responsibility. As the Defendant's criminal history placed him in Category I, his sentencing guideline range was 33–44 months. The court sentenced the Defendant to 33 months of incarceration, to be followed by 3 years of supervised release. The Defendant is currently serving his sentence at F.C.I. Sandstone, Minnesota.

On December 4, 1992, the Defendant filed a motion for reduction of his sentence. The Defendant's contention arises out of the November 1, 1992 amendment to section 3E1.1 of the Sentencing Guidelines (Amendment 459).[1] As amended, section 3E1.1 allows the court, in certain circumstances, to decrease a defendant's offense level by up to three-points for acceptance of responsibility. The previous version of 3E1.1 only allowed a two-point reduction for acceptance of responsibility.

## II. MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582

Pursuant to 18 U.S.C. § 3582(c), a court may only modify a sentence once it has been imposed if a motion is brought by the Director of the Bureaus of Prisons, if a modification is expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In the case *sub judice*, the Defendant contends that his guideline range was subsequently lowered by the Sentencing Commission when it amended section 3E1.1 to allow up to a 3–point reduction for acceptance of responsibility. As a result, the Defendant claims that section 3582(c)(2) provides the court with discretion to modify the Defendant's sentence to the extent the modification is consistent with applicable

---

**1.** In pertinent part, section 3E1.1 now provides:

"(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
decrease the offense level by 1 additional level."

guideline policy statements. The dispositive issue, therefore, is whether an applicable policy statement exists, and if it does, whether it permits a modification of the Defendant's sentence under the facts of this case, assuming a finding by the court that the Defendant assisted in the investigation or prosecution of his case.

The applicable policy statement is contained in section 1B1.10. This section is entitled "Retroactivity of Amended Guideline Range (Policy Statement)" and provides in pertinent part:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) [are] applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

. . . . .

(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

The November 1, 1992 amendment to section 3E1.1 is identified in the Historical Note to section 3E1.1 as Amendment 459 and is set forth, in its entirety, in Appendix C to the Sentencing Guidelines. As Amendment 459 is not one of those enumerated in section 1B1.10(d), reducing the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) through a retroactive application of amended section 3E1.1 would be inconsistent with the Commission's policy statement. Therefore, pursuant to the express provisions of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the Sentencing Guidelines, the Defendant's guideline range cannot be modified to reflect an additional one-point reduction for acceptance of responsibility.

Support for the court's holding is found in *United States v. Mooneyham*, 938 F.2d 139 (9th Cir.1991). There, Mooneyham was sentenced on October 25, 1989 as a career offender. Pursuant to the guidelines in effect at the time of sentencing, Mooneyham was not entitled to any reduction in his offense level for acceptance of responsibility. However, a week after sentencing the applicable guideline was amended so that career offenders could receive a two-point reduction in their offense levels for acceptance of responsibility.

On appeal, Mooneyham argued that the amendment applied retroactively and required a two-point reduction in his offense level. The court rejected his argument, holding that the amendment was not retroactive. *Id.* at 140. *See also United States v. Robinson*, 958 F.2d 268, 271–72 (9th Cir.1992). Specifically, the court held that the particular amendment at issue was not among those amendments listed in section 1B1.10(d) of the Sentencing Guidelines that are to be applied retroactively. *Mooneyham*, 938 F.2d at 140.

Further support for this court's holding that Amendment 459 cannot be applied retroactively is found in *United States v. Havener*, 905 F.2d 3 (1st Cir.1990), a case cited by the Ninth Circuit in *Mooneyham*. In *Havener*, Havener was sentenced under section 4B1.1 of the Sentencing Guidelines as a career offender on April 28, 1989. As a result of the amendment to section 4B1.1, Havener argued for a two-point reduction in his offense level. Like the court in *Mooneyham*, the *Havener* court rejected this argument.

The court concluded that the relevant statutory provision, that is 18 U.S.C. § 3582(c), prevented it from retroactively applying the amendment at issue without authorization from the Sentencing Commission. *Id.* at 6. The court stated that the express language of section 3582(c) provides that once a court imposes sentence, no one can change it unless one of the exceptions listed in section 3582(c) applies. *Id.* In discussing the exception contained in section 3582(c)(2), the court noted that a sentence may be modified under that section only if doing so is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 7. The *Ha-*

*vener* court held that section 1B1.10(a) expressly forbid retroactive application of the amendment at issue. The court so held because the Sentencing Commission specifically listed those amendments for which it intended retroactive application, and the list did not include the amendment before it. *Id.* at 7. Consequently, the *Havener* court declined to retroactively apply the amendment to section 4B1.1.[2]

In sum, the explicit statutory language contained in 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's policy statement contained in section 1B1.10 of the Sentencing Guidelines compel this court to deny the Defendant's request for modification of his sentence through retroactive application of Amendment 459.

**2.** Like the court in *Mooneyham,* the *Havener* court rejected the argument that the amendment to section 4B1.1 was merely a "clarification" of the guideline in effect at the time of sentencing. *Id.* at 5. Had the amendment been a clarification, as opposed to a substantive change, the courts might have been able to adjust the defendants' sentences pursuant to section 1B1.11 of the Sentencing Guidelines.

In this case, it cannot be argued that Amendment 459 was merely a clarification of section 3E1.1, for it is clear that prior to the amendment, the maximum reduction allowed for acceptance of responsibility was two points. Amendment 459 providing for an additional one-point reduction is clearly a substantive change to section 3E1.1. This point is illustrated in the notes to the amendment wherein it states that Amendment 459 provides for an "additional" one-point reduction for acceptance of responsibility. U.S.S.G., Appendix C, Amendment 459. Nowhere in the amendment is language used which would indicate that the Commission intended the additional reduction to be a clarifying statement to the original section 3E1.1.