995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edison L. RETIZOS, Defendant-Appellant.
 No. 91-10520.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edison L. Retizos appeals the sentence of 30 months imprisonment imposed after a jury convicted him of five counts of bank fraud in violation of 18 U.S.C. § 1344 and seventeen counts of making false statements on loan applications in violation of 18 U.S.C. § 1014. Retizos contests the district court's determination that the amount of "loss" for purposes of calculating his offense level under U.S.S.G. § 2F1.1(b)(1) was the amount he obtained as a result of his check-kiting schemes and false statements, regardless of amounts paid back or secured with collateral. We affirm.
 
 
 3
 Retizos appears to argue that the district court should have ruled that the "loss" for purposes of § 2F1.1(b)(1) was the actual loss to the victims of his fraud, thus accounting for sums he paid back or which would be recoverable. Instead, the district court held that " '[l]oss' for the purpose of the guideline offense calculation is not actual loss but that loss intended by the perpetrator or the loss which was attempted." Retizos, who was sentenced in October 1991, essentially relies on a version of the commentary to § 2F1.1 which became effective in November 1991.
 
 
 4
 Retizos' argument is unavailing. A district court normally must apply the version of the Sentencing Guidelines in effect on the date of sentencing. United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992). An exception to this rule operates in cases where the version of a guideline in effect at the time of sentencing is more onerous than the version in effect at the time of the offense; in such instances the latter version must be applied. Id. This is not such a case. Retizos has provided no support for the proposition that a defendant should, on appeal, be afforded the benefit of a favorable post-sentencing change in the Sentencing Guidelines. Moreover, we have previously held to the contrary. United States v. Mooneyham, 938 F.2d 139, 140-41 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991).
 
 
 5
 At the time the district court sentenced Retizos, Application Note 7 to § 2F1.1 (November 1990 edition) clearly directed that in calculating the "loss" the district court should use the intended or probable loss where it is greater than the actual loss. Case law confirms that this is the appropriate approach. See United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991); United States v. Davis, 922 F.2d 1385, 1392 (9th Cir.1991). Thus, we conclude that the district court did not err in basing its calculation of the offense level on the intended rather than actual loss.[1]
 
 
 6
 Even if Retizos was entitled to the benefit of postsentencing Guidelines amendments we would reach the same conclusion. The November 1991 version of the Sentencing Guidelines, which Retizos seeks to avail himself of, states in Note 7(b) to § 2F1.1 that for fraudulent loan application cases the "loss is the actual loss," even though Note 7 otherwise states that intended loss "will be used if it is greater than the actual loss." But the November 1992 version clarifies in that same note that even in fraudulent loan application cases, "where the intended loss is greater than the actual loss, the intended loss is to be used." Thus, the district court's decision clearly comports with current Guidelines language.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Retizos does not challenge the district court's factual findings with respect to the amount of the intended loss