UNITED STATES of America, Plaintiff,

v.

Luis ARANA, Defendant.

Crim. A. No. 90–CR–338.
Civ. A. No. 93–F–575.

United States District Court,
D. Colorado.

June 7, 1993.

Michael Norton, U.S. Atty., Crim. Div., Denver, CO, for plaintiff.

Luis Arana, defendant, pro se.

## ORDER REGARDING SENTENCE REDUCTION

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Defendant–Movant Luis Arana's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 12, 1993. The United States has filed its response to the motion. For the reasons stated in *United States v. Stewart*, Criminal Action No. 90–CR–249, 1993 WL 327774, Order Regarding Sentence Reduction (D.Colo. Mar. 12, 1993), and substantially reiterated below, the motion is **DENIED**.

### I.

Arana initially pleaded guilty in March 1991 to charges punishable under the United States Sentencing Guidelines ("the Guidelines"). Since his sentencing, § 3E1.1(b) has been added to the Guidelines by the U.S. Sentencing Commission's amendment 459 ("the Amendment") to allow a three-point downward adjustment for acceptance of responsibility. Arana is now seeking retroactive application of the Amendment. Plaintiff–Respondent United States opposes any modification of Arana's sentence.

### II.

■ In Arana's motion, he asks this court to modify his sentence based upon changes effected by the Amendment to Sentencing Guidelines § 3E1.1, effective November 1, 1992. That section, as amended, provides for an additional downward point adjustment where the defendant either timely provided complete information to the Government concerning his own involvement, or timely notified authorities of his intention to plead guilty, thus permitting the Government to avoid preparing for trial and to devote its resources to other matters. Arana asserts that he is entitled to retroactive application of the amendment.

Where a defendant has received a sentence based on a sentencing range which has been subsequently lowered by the Commission, 18 U.S.C.A. § 3582(c)(2) provides that a court may reduce the term of imprisonment, but

only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement in this case is Guideline Section 1B1.10, RETROACTIVITY OF AMENDED GUIDELINE RANGE (Policy Statement). The first paragraph of the section (paragraph (a)) allows for consideration of a reduced sentence only if the amended range is the result of an amendment listed in the last paragraph of the section (paragraph (d)). The last paragraph lists eleven amendments which may apply retroactively to allow for consideration of a reduced sentence; all of the listed amendments involve either a change in the substantive offense or in the criminal history calculations. None involve Sentencing Guidelines § 3E1.1(b) amendments regarding substantial assistance.[1] Courts have generally refused to apply amendments not listed on § 1B1.10's list of retroactive amendments. *See, e.g., United States v. Mooneyham,* 938 F.2d 139 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991); *United States v. Havener,* 905 F.2d 3 (1st Cir.1990).

Arana asserts this Court must modify his sentence under the dictates of three cases. *See United States v. Joyner,* 924 F.2d 454 (2nd Cir.1991); *United States v. Diegert,* 916 F.2d 916 (4th Cir.1990); *United States v. Restrepo,* 903 F.2d 648 (9th Cir.1990). In *Joyner,* the Second Circuit Court of Appeals noted that a clarifying revision of a sentencing guideline was not substantive because it did not expand the scope of conduct for which the defendant was liable. Consistent with the Supreme Court's interpretation of the Ex Post Facto Clause, *see, e.g., Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1976), the Second Circuit held that because the clarification effected no substantive change in the defendant's rights, it could be applied retroactively. Similarly, the Courts of Appeals in *Diegert,* 916 F.2d at 917–18, and *Restrepo,* 903 F.2d at 656, noted that nonsubstantive changes to the Guide-

lines did not constitute ex post facto alterations and could therefore be applied retroactively. *See also United States v. Park,* 951 F.2d 634 (5th Cir.1992) (holding retroactive a Guideline amendment listed in Guideline Section 1B1.10(d)). *Cf. United States v. Voss,* 956 F.2d 1007, 1011 (10th Cir.1992) (holding not retroactive a substantive amendment to the Guidelines); *United States v. Saucedo,* 950 F.2d 1508, 1514–15 (10th Cir.1991) (holding not retroactive amended commentary to the Guidelines which did not merely clarify but changed existing law).

■ A change in the term of imprisonment, however, is a substantive change. *Havener,* 905 F.2d at 906. Amendment 459 marks a substantive change. *See U.S. v. Duarte,* 1993 WL 43515 (S.D.N.Y. Feb. 16, 1993). Substantive criminal law carries no "law in effect" presumption under which a court is to apply the law in effect at the time of its decision. *Id.* at 5. While the framers of the Ex Post Facto Clause intended it to preclude only *increased* punishment for preexisting criminal conduct, *see Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *Saucedo,* 950 F.2d at 1513, Congress has enacted legislation providing that new statutes that decrease punishment will not normally affect pending prosecutions. 1 U.S.C. § 109. The statute says the

> repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

Congress enacted the statute expressly to overcome the law in effect presumption. *Havener,* 905 F.2d at 6. As noted above, the Sentencing Guidelines expressly provide exceptions to the rule of the statute,[2] but only

---

**1.** The Policy Statement extends retroactivity to amendments 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

**2.** We note that 1 U.S.C. § 109 applies only to statutes, not Commission rules. However, the

analogy between the two is clear and compelling, as is the Sentencing Guidelines' exclusive list of retroactive changes.

in those circumstances listed in § 1B1.10. Accordingly, section 3E1.1(b) cannot apply retroactively. Our result is consistent with every district court which has considered the retroactivity of Amendment 459. *See, e.g., United States v. Avalos,* 817 F.Supp. 894 (D.Colo.1993); *Duarte,* 1993 WL 43515; *United States v. Zelson,* 1993 WL 39324 (E.D.Pa. Feb. 11, 1993) (joining several other members of the Eastern District); *United States v. Pustol,* 812 F.Supp. 1092 (E.D.Wa. 1993); *United States v. Rios–Paz,* 808 F.Supp. 206 (E.D.N.Y.1992).

### III.

Accordingly, it is ordered that Defendant–Movant Arana's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 12, 1993, is **DENIED.**