UNITED STATES of America, Plaintiff,

v.

Robert M. BRAUM, Defendant.

Crim. No. 2:91–00207–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 1, 1993.

J. Kirk Brandfass, Asst. U.S. Atty., Charleston, WV, for plaintiff.

Sam B. Weiner, Columbus, OH, for defendant.

---

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion to modify offense level, filed November 27, 1992. On January 27, 1992, this Court sentenced Defendant to serve thirty-three months of imprisonment and four years of supervised release following his conviction for conspiracy to distribute a controlled substance. The Court ordered Defendant to report for service of his sentence on March 11, 1992. At sentencing, Defendant received a two point reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 Defendant now contends he should be entitled to an additional one point reduction for acceptance of responsibility pursuant to the amended version of Section 3E1.1, which became effective November 1, 1992, more than nine months after Defendant's sentencing.

Subsequent amendments to the Sentencing Guidelines may be applied retroactively to reduce a defendant's sentence if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10 contains a relevant policy statement and states that eligibility under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) to Section 1B1.10. The amendment to which Defendant refers is not included in that list. *Id.; see also U.S. v. Mooneyham*, 938 F.2d 139, 140 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991). Therefore, Defendant is not entitled to retroactive application of the amendment to Section 3E1.1.

Moreover, the Court is without authority to modify Defendant's sentence. *Rule 35,* Federal Rules of Criminal Procedure, provides authority for sentence modifications only in limited circumstances. The rule provides for sentence reductions on motion by the Government within a year after the sentence is imposed, or more than a year after sentencing if Defendant gained the information with which he aided the Government more than a year after he was sentenced.

The rule also provides a narrow seven day window within which a judge can correct a technically incorrect sentence. Clearly, none of these criteria apply to Defendant's case.

Accordingly, the Court DENIES Defendant's motion to modify offense level.

The Clerk is directed to send a copy of this Order to counsel, the Marshal for the District and the Probation Office of this Court.