7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles ESTERS, Defendant-Appellant.
 No. 93-5666.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 W.D.Tenn., No. 92-16611; Todd, J.
 W.D.Tenn.
 AFFIRMED.
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Charles Esters, a pro se federal prisoner, appeals a district court order denying his motion for modification of sentence filed under 18 U.S.C. §§ 3553(a) and 3582(c)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Esters pleaded guilty in 1992 to one count of conspiracy to possess crack cocaine with intent to distribute, and to distribute crack cocaine, and to two counts of possession of crack cocaine with intent to distribute. He was sentenced on June 5, 1992, to three concurrent prison terms of 63 months, followed by four years' supervised release. Judgment was entered on June 12, 1993. Esters did not appeal his sentence.
 
 
 3
 On January 19, 1993, Esters filed a motion for modification of sentence raising nine challenges to both his sentence and his conviction. His principal argument was that his offense level should not have been based on relevant conduct encompassing the entire drug quantity charged in the indictment, and cited recent amendments to the Sentencing Guidelines in support. The district court denied Esters's motion, reasoning that the amendments on which Esters relied were not retroactively applicable. The district court denied the remaining grounds without prejudice to Esters's right to raise them properly in a motion to vacate under 28 U.S.C. § 2255. Esters's motion to reconsider was denied in an order entered on April 27, 1993.
 
 
 4
 On appeal, Esters continues to argue that his sentence should not have been based on 21 grams of crack cocaine. In addition, he argues that the district court erred in failing to address his other issues.[1] Esters has filed a motion for in forma pauperis status on appeal.
 
 
 5
 We grant the motion for in forma pauperis status for the purpose of this appeal only, and affirm the district court's order for the following reasons.
 
 
 6
 First, Section 3582(c)(2) of Title 18 provides for the modification of a defendant's sentence where the sentencing range under which the defendant was sentenced has been subsequently lowered by the Sentencing Commission, but only if a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The policy statements in the guidelines make clear that the amendments on which Esters relies--namely, amendments 439 and 447, which respectively amended sections 2D1.1 and 1B1.3 effective November 1, 1992--are not retroactively applicable. U.S.S.G. § 1B1.10(a), p.s.; U.S.S.G. § 1B1.10(d), p.s. Therefore, the district court lacked authority to modify Esters's sentence based on those amendments. See United States v. Caceda, 990 F.2d 707, 710 (2d Cir.1993); United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 442 (1991).
 
 
 7
 To the extent that Esters argues that the sentencing court erred in the application of the guidelines then in effect, he presents an issue that he has waived. When a defendant fails to raise a sentencing guideline challenge to the district court, this court ordinarily will not address the issue absent a showing of plain error or manifest injustice. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Esters has made no such showing.
 
 
 8
 Finally, although the district court had the discretion to liberally construe Esters's motion as one brought under section 2255, it did not abuse its discretion by denying the motion without prejudice. Esters remains free to present his remaining grounds for relief in a properly filed motion to vacate.
 
 
 9
 Accordingly, the motion to proceed in forma pauperis is granted for the purpose of this appeal only. The district court's order, entered on March 9, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Esters also requests that, in the event he is resentenced, he be given an additional one-level decrease for acceptance of responsibility pursuant to a recent amendment to U.S.S.G. § 3E1.1. Because we affirm, we do not reach this issue