17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Delwood C. WESTFALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delwood C. Westfall, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Westfall was convicted of possession of ephedrine, knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. Sec. 841(d)(2). We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993), and affirm.
 
 
 3
 Westfall contends that his sentence should be recalculated to reflect a November 1, 1991 amendment to the United States Sentencing Guidelines (U.S.S.G. Sec. 2D1.11). This contention lacks merit.
 
 
 4
 The district court must apply the version of the Sentencing Guidelines in effect on the date of sentencing. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993); United States v. Mooneyham, 938 F.2d 139, 140 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991). The district court has the discretion to modify an imposed term of imprisonment when the sentencing range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Sec. 3582(c)(2); United States v. Cueto, No. 92-50186, slip op. at 13193, 13198 (9th Cir. November 23, 1993). If an amendment is not specifically listed in U.S.S.G. Sec. 1B1.10(d), a reduction is not consistent with the Sentencing Commission's policy statement. U.S.S.G. Sec. 1B1.10(a); Cueto, slip op. at 13198. Thus, an amendment which is not listed in U.S.S.G. Sec. 1B1.10(d) may not be applied retroactively. See id.
 
 
 5
 At the time of sentencing (February 22, 1991), the Sentencing Guidelines did not contain a specific provision for precursor chemicals such as ephedrine. Following the accepted practice of this circuit, the district court sentenced Westfall to a term of imprisonment of seventy-eight months under U.S.S.G. Sec. 2D1.1. See United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991). Effective November 1, 1991, the Sentencing Commission amended the Guidelines to include U.S.S.G. Sec. 2D1.11, which governs offenses involving precursor chemicals. See U.S.S.G. App. C, Amendment 371 (1991). The amendment containing U.S.S.G. Sec. 2D1.11 is not listed under U.S.S.G. Sec. 1B1.10(d). See U.S.S.G. Sec. 1B1.10(d). Therefore, U.S.S.G. Sec. 2D1.11 may not be applied retroactively. See U.S.S.G. Sec. 1B1.10(a); United States v. Foster, 985 F.2d 466, 470 (9th Cir.1993) ("Sentencing Guidelines have not made section 2D1.11 retroactive").[1] Accordingly, the district court properly denied Westfall's motion to correct his sentence.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alternatively, Westfall contends that U.S.S.G. Sec. 2D1.11 may be applied retroactively because the 1991 amendment was a clarification of the Guidelines rather than a substantive change. This contention lacks merit. The Sentencing Commission has explicitly indicated when it intends for an amendment to clarify a section. Mooneyham, 938 F.2d at 140; see also Fagan, 996 F.2d at 1018 (amendment is not a clarification where versions of the Guidelines differ dramatically). The Sentencing Commission did not indicate that it intended to clarify the existing Guidelines by enacting U.S.S.G. Sec. 2D1.11. See, U.S.S.G. Appendix C, Amendment 371 (1991); U.S.S.G. Sec. 2D1.11
 
 
 [2]
 As U.S.S.G. Sec. 2D1.11 may not be applied retroactively, we need not address the government's alternative argument that Westfall's plea agreement precludes the retroactive application of this section