16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald Ray HODGES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3943.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 Before: MARTIN AND BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 16, 1989, Donald Ray Hodges pleaded guilty to three counts of a six-count indictment. At sentencing, the district court determined that Hodges was a career offender for purposes of the sentencing guidelines. Based on this determination, the district court denied Hodges's request for a two-point reduction for acceptance of responsibility. On June 20, 1989, Hodges was sentenced to serve a term of 210 months on Count One (conspiracy to distribute cocaine), a concurrent term of 120 months on Count Six (assault of a federal officer), and a consecutive term of 60 months on Count Three (use of a firearm while committing an offense). His conviction and sentence were affirmed on appeal. United States v. Hodges, No. 89-3602 (6th Cir. April 5, 1990) (per curiam), cert. denied, 498 U.S. 857 (1990).
 
 
 3
 On March 18, 1993, Hodges filed a motion to vacate sentence in which he sought resentencing under an amendment to the guidelines which authorizes a reduction of a career offender's offense level for acceptance of responsibility.
 
 
 4
 Upon review, we conclude that the motion to vacate sentence was properly denied. A petitioner who seeks to challenge his sentence under 28 U.S.C. Sec. 2255 must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Hodges has not met this standard.
 
 
 5
 The district court must apply the version of the sentencing guidelines in effect at the time of sentencing. United States v. Chichy, 1 F.3d 1501, 1508 (6th Cir.), petition for cert. filed, --- U.S.L.W. ---- (U.S. Nov. 4, 1993) (No. 93-6647). When Hodges was originally sentenced on June 20, 1989, the guidelines did not authorize a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 for a career offender. The amendment authorizing the reduction was made effective on November 1, 1989. U.S.S.G.App. C, Amendment 266. Hodges is not entitled to resentencing because the amendment is not designated for retroactive application under U.S.S.G. Sec. 1B1.10(d). See United States v. Mooneyham, 938 F.2d 139, 140-41 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.