UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan AUDELO–SANCHEZ,
Defendant–Appellant.

No. 89–50651.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1990.

Memorandum Disposition Filed
Nov. 7, 1990.

Opinion Jan. 11, 1991.

Debra Ann Dilorio, Federal Defenders of San Diego, San Diego, Cal., for defendant-appellant.

Bruce R. Castetter and Brian T. Kelly, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before REINHARDT and LEAVY, Circuit Judges, and KING, Senior District Court Judge.*

## ORDER

The memorandum disposition filed November 7, 1990, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Defendant/Appellant Juan Audelo–Sanchez was charged in a four-count indictment with conspiracy to import and possess and importing and possessing with the intent to distribute 74.6 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963, and 18 U.S.C. § 2. During his trial, Audelo–Sanchez testified that prior to the day of his arrest he had never before seen the truck which he was driving when apprehended. To impeach this testimony, the government asked Audelo–Sanchez on cross-examination whether he had received a speeding ticket while driving that vehicle six months prior to his arrest. At that point, defense counsel objected to the government's failure to produce its record of the speeding ticket in response to an earlier defense discovery request. After hearing argument, the district court overruled the objection. Audelo–Sanchez then pleaded guilty to one count of conspiracy to import a controlled substance under 21 U.S.C. §§ 952, 960, and 963. The remaining counts were dismissed. The district court sentenced Audelo–Sanchez to a term of imprisonment for fifty-seven months, to be followed by three years of supervised release.

On appeal, Audelo–Sanchez contends that the government's alleged misconduct in failing to disclose the speeding ticket warrants vacating the plea and a new trial. He argues in the alternative that the district court misapplied the Sentencing Guidelines by refusing to give him a two-point reduction for cooperation in light of the court's finding that Audelo–Sanchez had obstructed justice. We affirm.

*Hon. Samuel P. King, Senior District Court Judge, United States District Court for the District of Hawaii, sitting by designation.

## DISCUSSION

### I.  Discovery

Before trial, Audelo–Sanchez made a timely discovery request for a copy of his prior criminal record. See Fed.R.Crim.P. 16(a)(1)(B). The parties are in agreement that the government did not disclose the speeding ticket that Audelo–Sanchez had received while driving the truck.

Audelo–Sanchez has cited no authority, and we have found none, to support his contention that a speeding ticket comes within the purview of rule 16(a)(1)(B). The rule requires disclosure of a defendant's criminal record. We have held that a prosecutor may fulfill his duty of discovery and disclosure under rule 16(a)(1)(B) by revealing the defendant's record of prior convictions and any F.B.I. rap sheet. *United States v. Trejo–Zambrano,* 582 F.2d 460, 465 (9th Cir.), *cert. denied,* 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1978). Under California law, speeding tickets are classified as infractions, a category of offense less serious than misdemeanors. Cal.Vehicle Code § 40000.1 (West 1985). Because such minor offenses do not appear on a defendant's record of prior convictions or F.B.I. rap sheet, we find that the district court properly ruled that the government was not required to disclose the speeding ticket.

### II.  Sentencing

Audelo–Sanchez contends that the district judge erred in construing Application Note 4 of the United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.) § 3E1.1 to preclude a two-point reduction in Audelo–Sanchez's offense level for acceptance of responsibility once he found that Audelo–Sanchez had obstructed justice. Audelo–Sanchez was sentenced while the 1987 version of Application Note 4 was in effect.[1] This court recently held that the 1987 version of Application Note 4 expressly precluded a finding of acceptance of

1. Section 3E1.1(a) provides: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2

responsibility where a defendant is found to have obstructed justice. *United States v. Avila,* 905 F.2d 295, 298 (9th Cir.1990). *Avila* is controlling in this case and confirms the district judge's construction.

■ Audelo–Sanchez also contends that the amended form of Application Note 4 should be applied retroactively to give him the benefit of the two-point reduction.[2] However, the *Avila* Court considered and rejected such a contention, holding that: "[s]ince the amendment effected a substantive change by adding the 'extraordinary cases' provision, it is not instructive on how to apply the 1987 version of the Application Note, which contained no such exception." *Id.* Again, *Avila* is controlling and under it the 1989 amendment may not be used to alter the requirements of the 1987 version of Application Note 4. Therefore, we hold that the district court's construction of Application Note 4 was correct.

AFFIRMED.

---

levels." U.S.S.G. § 3E1.1(a) (Nov. 1989). This language has not been changed since Audelo's sentencing. The 1987 version of Application Note 4 stated: "An adjustment under this section is not warranted where a defendant perjures himself, suborns perjury, or otherwise obstructs the trial or the administration of justice." U.S.S.G. § 3E1.1(a), Commentary (Application Note 4) (Oct. 1987).

2. The 1989 version of Application Note 4 provides: "Conduct resulting in an enhancement under § 3C1.1 (Willfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment (n. 4) (Nov. 1989).