UNITED STATES of America, Plaintiff–Appellee,

v.

Peter PARK, Defendant–Appellant.

No. 90–1761.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1992.

Carrie L. Huff and Lawrence A. Gaydos, Haynes & Boone, Dallas, Tex., for defendant-appellant.

John P. Bradford, Asst. U.S. Atty. and Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, REAVLEY and JONES, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of appellant for leave to file supplemental petition for panel rehearing is granted in part and denied in part as follows:

The facts of this case are set forth in *United States v. Park*, 947 F.2d 130 (5th Cir.1991). Briefly, a jury convicted the defendant, Peter Park, of failing to file a Currency and Monetary Instrument Report (CMIR) declaring that he was transporting more than $10,000 in U.S. currency from the United States, in violation of 31 U.S.C. § 5316(a) and 5322(a).[1] Park was sentenced to 15 months imprisonment, a two-

year term of supervised release, and a $100 mandatory assessment.

Since our panel opinion was published, recent amendments to the U.S. Sentencing Guidelines have rendered Park's sentence excessive. At the time of his sentencing hearing in August 1990, the district court found that Sentencing Guideline § 2S1.3(a)(1)(B), which covered offenses for failing to report monetary transactions and for structuring transactions to avoid reporting requirements, applied to Park. Guideline § 2S1.3(a)(1)(B) provided for a base offense level of 13 if the defendant "made false statements to conceal or disguise the evasion of reporting requirements." The district court concluded that 13 was the appropriate base level for Park's offense and sentenced him to the minimum punishment allowed under the Guidelines.

However, Amendment 379, which took effect on November 1, 1991, modified Guideline § 2S1.3 and created a new § 2S1.4 for offenses involving the failure to file a CMIR. Under these amendments, violations of § 5322(a) amount to a base offense level of 5, while § 5316(a) violations are a base offense of 9. *See* FEDERAL SENTENCING GUIDELINES MANUAL 212-14, 645-46 (1992). In either case, these new base offense levels make Park eligible for a substantially lower sentence, including the possibility of a sentence without imprisonment. Amendment 379 plainly applies to CMIR violations such as those at issue here. As the official commentary to the amendment explains:

> [T]his amendment creates an additional offense guideline (§ 1.4) for offenses involving Currency and Monetary Instrument Reports (CMIR). Currently, such offenses are covered by § 1.3, which deals with all currency transaction reporting requirements. CMIR violations are committed by individuals who, when entering or leaving the country, knowingly conceal $10,000 or more in cash or bearer instruments on their persons or in their personal effects and knowingly fail

---

**1.** Park was also convicted of making a false statement to an officer of the U.S. Customs Service in violation of 18 U.S.C. § 1001.

to file the report required by the U.S. Customs Service. Such criminal conduct is sufficiently different from the other offenses covered by § 1.3 to merit treatment in a separate guideline.

*Id.* at 646. Section 1B1.10(d), p.s., of the Guidelines provides that Amendment 379 applies retroactively. This section, however, is a policy statement. Even if policy statements are not binding on the courts, we have held that courts should consider them in sentencing defendants. *United States v. Ayers,* 946 F.2d 1127, 1130 (5th Cir.1991). Under the facts of Park's case, Amendment 379 should be applied retroactively. *Cf.* Guidelines sec. 1B1.10, p.s., comment. (backg'd). *Id.* at 26.

■ Park also urges the panel to reconsider our finding that the double jeopardy analysis of *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), does not apply because there was no showing his money has been forfeited by the Customs Service. We reject appellant's invitation to reopen these proceedings. Park had ample opportunity to present evidence of forfeiture prior to the panel's decision and we are unpersuaded by his attempts to do so at this late date.

Accordingly, we VACATE only that portion of our panel opinion affirming the district court's sentence and REMAND for resentencing in light of Amendment 379.