**Maria Del Carmen RODRIGUEZ–ALONSO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV–92–4231.**

United States District Court, E.D. New York.

Nov. 4, 1992.

Maria Del Carmen Rodriguez–Alonso, pro se.

Loretta Lynch, Asst. U.S. Atty., for respondent.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Petitioner moves this court to reduce her sentence under 28 U.S.C. § 2255. For the reasons stated below her motion is granted but under different statutory authority.

On May 13, 1991 petitioner in this action pled guilty to a violation of 31 U.S.C. § 5316(a). The offense to which she pled—failure to file a currency report when knowingly transporting monetary instruments in excess of $10,000—was committed on October 5 and 9, 1990. On July 29, 1991 this court imposed a sentence of 66 months imprisonment followed by 36 months of supervised release, pursuant to the then-relevant section of the United States Sentencing Guidelines § 2S1.3.

Petitioner's sentence, based on an offense level of 25, was calculated in following manner. She was assigned a Base Level of 13 under § 2S1.3(a)(1)(C) since she "reasonably should have believed the funds were criminally derived property." This level then was increased by 14 as a result of her Specific Offense Characteristics: a 5–level increase under § 2S1.3(b)(1) because she "knew or believed that the funds were criminally derived property"; and a 9–level increase under §§ 2S1.3(b)(2) and 2S1.1(b)(2)(J), since she aided and abetted in the exportation of $13,739,640. Finally, petitioner received a two point downward adjustment based on Acceptance of Responsibility.

Amendment 379, effective on November 1, 1991, modified Guideline § 2S1.3 and created a new § 2S1.4 for offenses involving a failure to file a Currency and Monetary Instrument Report ("CMIR"). *United States v. Park*, 951 F.2d 634, 635 (5th Cir. 1992). Under the new guidelines petitioner would receive a sentencing level of 20 rather than 25 for a violation of 31 U.S.C. § 5316. This level would subject her to a sentencing range of 33 to 41 months; her term of supervised release would not change. Petitioner moves under 28 U.S.C.

§ 2255 for a reduction of her sentence based on this November revision.

■ Section 2255 of Title 28 of the United States Code allows a prisoner to petition the court that imposed her sentence to vacate, set aside, or correct that sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Petitioner does not claim that this court erred in imposing the sentence now at issue; in fact, a court *must* sentence under the guideline provision in effect on the date of sentencing—in this case July 29, 1991. *See* 18 U.S.C. § 3553(a)(4); *United States v. Colon*, 961 F.2d 41, 45 (2d Cir.1992). Therefore, petitioner fails to state grounds for granting a motion under Section 2255.

■ However, pursuant to Section 3582(c)(2) of Title 18 of the United States Code, a sentencing court may address reduction of a prisoner's sentence on its own motion. Section 1B1.10(a) of the Guidelines, dealing with retroactivity of amended guideline range, provides that "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of [a specially referenced] amendment ..., a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582." U.S.S.G. § 1B1.10(a). Amendment 379 is one of the enumerated provisions. *See Park*, 951 F.2d at 636.

Section 3582(c)(2), entitled Modification of an imposed term of imprisonment, provides that

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ... or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). As the language of the statute indicates, the question of whether to grant a sentencing reduction lies in the discretion of the sentencing court. *United States v. Connell*, 960 F.2d 191, 197 (1st Cir.1992) ("while [defendant] is not entitled to a reduction in the offense level—section 1B1.10(a) does not mandate the use of the lesser enhancement, but merely affords the sentencing court discretion to utilize it—he is entitled to have his sentence reviewed in light of the amendment."); *United States v. Wales*, 977 F.2d 1323, 1327–28 (9th Cir.1992) (same). Accordingly, this court on its own motion now considers the factors set forth in this statute to decide whether to grant petitioner's request for a sentencing adjustment.

■ Although several courts have remanded for this consideration, no case discusses the reasons for the specific change. Therefore, this court looks to the Sentencing Commission policy statements that accompany Amendment 379. Petitioner claims that these statements disapprove of the "double points" that the former guideline subsections (b)(1) and (a)(1)(C) applied to her offense. Although such disapproval is not stated explicitly, the newly drafted provisions alter the Guidelines significantly and clarify what behavior should be considered as relevant to sentencing. An examination of these provisions demonstrates that a reduction in petitioner's sentence would not conflict with statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

The commentary in effect when petitioner was sentenced explained the two relevant Guideline subsections as follows:

Subsection (a)(1)(C) applies where a reasonable person would have believed from the circumstances that the funds were criminally derived property. Subsection (b)(1) applies if the defendant knew or believed the funds were criminally derived property. Subsection (b)(1) applies in addition to, and not in lieu of, subsec-

tion (a)(1)(C). Where subsection (b)(1) applies, subsection (a)(1)(C) also will apply. It is possible that a defendant "believed" or "reasonably should have believed" that the funds were criminally derived property even if, in fact, the funds were not so derived (*e.g.* in a "sting" operation where the defendant is told the funds were derived from the unlawful sale of controlled substances).

The policy statement accompanying Amendment 379 explains:

This amendment clarifies the scope of the specific offense characteristics in § 2S1.3 and modifies (b)(1) so that it does not produce a result that exceeds the comparable offense level under § 2S1.2. In addition, this amendment creates an additional offense guideline (§ 2S1.4) for offenses involving Currency and Monetary Instrument Reports (CMIR).... Such criminal conduct is sufficiently different from the other offenses covered by § 2S1.3 to merit treatment in a separate guideline.

And the new statute § 2S1.4 contains no relevant commentary but rather than distinguishing between levels of knowledge, it examines whether the defendant knew that the funds were derived criminally or were to be used for criminal activity.

Pursuant to Section 3582's directive, this court has examined the other factors set forth in Section 3553(a) to the extent that they are applicable. Although petitioner is charged with an offense involving an enormous sum of money, that aspect of her crime is taken into account in both the revised and the former guideline provision. What now differs is the treatment given her knowledge. While petitioner was sentenced approximately three months before the guideline took effect, the policy statements discussed above show a concern for consistency that is now manifested in the new provision. Furthermore, as mentioned above, this amendment is specifically designated as one subject to retroactive application. As this court finds the new guideline provision to impose a clearer and more sensible standard and as petitioner was sentenced shortly before the revision and

has no criminal record, this court hereby grants her motion. Accordingly, petitioner's sentence is reduced to 41 months.

SO ORDERED.