UNITED STATES of America

v.

Luis FIGUEROA.

Crim No. B–89–56 (WWE).

United States District Court,
D. Connecticut.

Dec. 22, 1992.

Stanley A. Twardy, Jr., Linda K. Lager, U.S. Attys., for U.S.

James I. Glasser, Theodore B. Heinrich, Alan Bleiman, Fairfield, CT, for Figueroa.

### RULING ON MOTION FOR MODIFICATION OF SENTENCE

EGINTON, Senior District Judge.

On April 5, 1990 defendant Luis Figueroa was sentenced to a term of 63 months' imprisonment upon his conviction for conspiracy to distribute cocaine. Defendant has moved for a reduction of his sentence based on an amendment to Section 3E1.1 of the Sentencing Guidelines. For the reasons set forth below, the motion will be denied.

*Discussion*

A district court generally may not modify a sentence except as provided for under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On November 1, 1992, section 3 E1.1 of the Sentencing Guidelines was amended to provide an additional 1 level decrease in the offense level of a defendant who demonstrates more than the usual acceptance of responsibility. U.S.S.G. Amendment # 459. Defendant contends that he has demonstrated the requisite level of acceptance of responsibility for his crime and, therefore, the amendment should be applied retroactively pursuant to section 1B1.10 of the Sentencing Guidelines and his sentence reduced.

Section 1B1.10 of the Sentencing Guidelines is a policy statement issued by the Sentencing Commission that lists certain amendments to the guidelines and states that when a defendant is serving a sentence and the guideline range applicable to that defendant has subsequently been lowered as a result of one of the listed amendments, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). Section 1B1.10 specifically provides that "[i]f none of the amendments listed ... is applicable, a reduction in the defendant's term of imprisonment is" inconsistent with the policies of the guidelines. Although the Second Circuit has not addressed the interplay of 18 U.S.C. § 3582(c)(2) and section 1B1.10, courts in other circuits generally have permitted the retroactive application of a guideline amendment only if the amendment was among those listed in section 1B1.10(d). *See United States v. Park*, 951

F.2d 634 (5th Cir.1992); *United States v. Mooneyham*, 938 F.2d 139 (9th Cir.1991), *cert. denied*, ── U.S. ──, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991); *United States v. Havener*, 905 F.2d 3, 7 (1st Cir.1990). Thus, since Amendment 459 is not one of the listed amendments, defendant is not eligible for a reduction in his sentence. Further, even if defendant's offense level was decreased by one level, from 63–78 months to 57–71 months, the 63 month sentence imposed is within the scope of the lower range.

### Conclusion

For the reasons set forth above, the defendant's motion [22–1] is DENIED.