999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph STEWART, Defendant-Appellant.
 No. 93-1103.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1993.
 
 Before McKAY and SETH, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph E. Stewart (Stewart), appearing pro se, appeals from the district court's order denying his Motion to Vacate and Correct Sentence entered on March 12, 1993, a copy of which is attached hereto.
 
 
 3
 Stewart was sentenced following a plea of guilty on January 23, 1991, to conspiracy, distribution of methamphetamine, possession with intent to distribute methamphetamine, and use of a firearm in relation to a drug trafficking offense. Stewart was ordered to be confined 20 months on various counts to be served concurrently and 60 months on another count, to be served consecutively. Pursuant to Sentencing Guidelines U.S.S.G. § 3E1.1, Stewart received a two-point downward adjustment for acceptance of responsibility. This section was amended effective November 1, 1992, to add subsection (b)(1) and (2). As amended, it provides:
 
 
 4
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 
 
 5
 (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 6
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 7
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
 
 
 8
 decrease the offense level by 1 additional level.
 
 
 9
 See U.S.S.G.App.C, Amend. 459 (1992).
 
 
 10
 18 U.S.C. § 3582(c)(2) authorizes the district court to modify a sentence imposed pursuant to the Guidelines in light of subsequent amendments which would have lowered the applicable sentencing range had they been in effect at the date of sentencing, provided that the Sentencing Commission has not issued a policy statement against retroactive application of the guideline amendments.
 
 
 11
 Under 28 U.S.C. § 994(a)(2)(C), the Sentencing Commission is directed to promulgate Guidelines to be used by sentencing courts when imposing sentences, and the Commission is authorized to issue general policy statements, including whether sentences previously imposed can be modified under § 3582(c)(2). In addition, the Commission is directed to submit proposed amendments to the Congress which become effective on a specific date unless Congress modifies or disapproves the proposed amendments.
 
 
 12
 In Braxton v. United States, --- U.S. ----, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991), the Supreme Court held that pursuant to 28 U.S.C. § 994(u), the Congress granted the Sentencing Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect.
 
 
 13
 U.S.S.G. § 1B1.10 of the Guidelines contains the Commission's policy statement that all amendments to the Guidelines are prospective only, unless specifically enumerated in § 1B1.10(d). That subsection does not include U.S.S.G. § 3E1.1(b) which we consider in this case. The last paragraph lists eleven amendments which may apply retroactively to allow for consideration of a reduced sentence. It does not include the 1992 amendment to § 3E1.1.
 
 
 14
 In United States v. Voss, 956 F.2d 1007, 1011 (10th Cir.1992), we held that a substantive amendment to the Guidelines is not to be applied retroactively, whereas a clarifying amendment to the Commentary to the Guidelines will be given retroactive effect. We agree with the district court's observation that a change to the term of imprisonment is a substantive change. See also, United States v. Mooneyham, 938 F.2d 139 (9th Cir.), cert. denied, 112 S.Ct. 443 (1991); United States v. Havener, 905 F.2d 3 (1st Cir.1990); United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir.1990); United States v. Paden, 908 F.2d 1229, 1236 (5th Cir.1990), cert. denied, 498 U.S. 1039 (1991).
 
 
 15
 We affirm substantially for the reasons set forth in the district court's Order Regarding Sentence Reduction.
 
 
 16
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 17
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 
 18
 Criminal Action No. 90-CR-249.
 
 
 19
 United States of America, Plaintiff,
 
 
 20
 v.
 
 
 21
 Joseph E. Stewart, Defendant.
 
 
 22
 March 12, 1993.
 
 ORDER REGARDING SENTENCE REDUCTION
 Sherman G. Finesilver, Chief Judge
 
 23
 This matter comes before the Court on Defendant-Petitioner Joseph E. Stewart's Motion to Vacate and Correct Sentence. The litigants have fully briefed the matter. For the reasons stated below, the motion is DENIED.
 
 I.
 
 24
 Stewart was initially sentenced on January 23, 1991 under the United States Sentencing Guidelines ("the Guidelines"). At that time, pursuant to Sentencing Guidelines § 3E1.1, he received a two-point downward adjustment for acceptance of responsibility. Since his sentencing, § 3E1.1(b) has been added to the Guidelines by the U.S. Sentencing Commission's amendment 459 ("the Amendment") to allow a three-point downward adjustment for acceptance of responsibility. Stewart is now seeking retroactive application of the Amendment. Plaintiff-Respondent United States opposes any modification of Stewart's sentence.
 
 II.
 
 25
 In Stewart's motion, he asks this court to modify his sentence based upon changes effected by the Amendment to Sentencing Guidelines § 3E1.1, effective November 1, 1992. That section, as amended, provides for an additional downward point adjustment where the defendant either timely provided complete information to the Government concerning his own involvement, or timely notified authorities of his intention to plead guilty, thus permitting the Government to avoid preparing for trial and to devote its resources to other matters. Stewart asserts that he is entitled to retroactive application of the amendment.
 
 
 26
 Where a defendant has received a sentence based on a sentencing range which has been subsequently lowered by the Commission, 18 U.S.C.A. § 3582(c)(2) provides that a court may reduce the term of imprisonment, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement in this case is Guideline Section 1B1.10, RETROACTIVITY OF AMENDED GUIDELINE RANGE (Policy Statement). The first paragraph of the section (paragraph (a)) allows for consideration of a reduced sentence only if the amended range is the result of an amendment listed in the last paragraph of the section (paragraph (d)). The last paragraph lists eleven amendments which may apply retroactively to allow for consideration of a reduced sentence; all of the listed amendments involve either a change in the substantive offense or in the criminal history calculations. None involve Sentencing Guidelines § 3E1.1(b) amendments regarding substantial assistance.[1] Courts have generally refused to apply amendments not listed on § 1B1.10's list of retroactive amendments. See, e.g., United States v. Mooneyham, 938 F.2d 139 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 443 (1991); United States v. Havener, 905 F.2d 3 (1st Cir.1990).
 
 
 27
 Stewart asserts this Court must modify his sentence under the dictates of three cases. See United States v. Joyner, 924 F.2d 434 (2nd Cir.1991); United States v. Diegert, 916 F.2d 916 (4th Cir.1990); United States v. Restrepo, 903 F.2d 648 (9th Cir.1990). In Joyner, the Second Circuit Court of Appeals noted that a clarifying revision of a sentencing guideline was not substantive because it did not expand the scope of conduct for which the defendant was liable. Consistent with the Supreme Court's interpretation of the Ex Post Facto clause, see, e.g., Dobbert v. Florida, 432 U.S. 282 (1976), the Second Circuit held that because the clarification effected no substantive change in the defendant's rights, it could be applied retroactively. Similarly, the Courts of Appeals in Diegert, 916 F.2d at 917-18, and Restrepo, 903 F.2d at 656, noted that nonsubstantive changes to the Guidelines did not constitute ex post facto alterations and could therefore be applied retroactively. See also United States v. Park, 951 F.2d 634 (5th Cir.1992) (holding retroactive a Guideline amendment listed in Guideline Section 1B1.10(d)). Cf. United States v. Voss, 956 F.2d 1007, 1011 (10th Cir.1992) (holding not retroactive a substantive amendment to the Guidelines); United States v. Saucedo, 950 F.2d 1508, 1514-15 (10th Cir.1991) (holding not retroactive amended commentary to the Guidelines which did not merely clarify but changed existing law).
 
 
 28
 A change in the term of imprisonment, however, is a substantive change. Havener, 905 F.2d at 906. Amendment 459 marks a substantive change. See U.S. v. Duarte, 1993 WL 43515 (S.D.N.Y. Feb. 16, 1993). Substantive criminal law carries no "law in effect" presumption under which a court is to apply the law in effect at the time of its decision. Id. at 5. While the framers of the Ex Post Facto Clause intended it to preclude only increased punishment for preexisting criminal conduct, see Miller v. Florida, 482 U.S. 423, 430 (1987); Saucedo, 950 F.2d at 1513, Congress has enacted legislation providing that new statutes that decrease punishment will not normally affect pending prosecutions. 1 U.S.C. § 109. The statute says the
 
 
 29
 repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provides, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.
 
 
 30
 Congress enacted the statute expressly to overcome the law in effect presumption. Havener, 905 F.2d at 6. As noted above, the Sentencing Guidelines expressly provide exceptions to the rule of the statute,[2] but only in those circumstances listed in § 1B1.10. Accordingly, section 3E1.1(b) cannot apply retroactively. Our result is consistent with every district court which has considered the retroactivity of Amendment 459. See Duarte, 1993 WL 43515; United States v. Zelson, 1993 WL 39324 (E.D.Pa. Feb. 11, 1993) (joining several other members of the Eastern District); United States v. Pustol, 1993 WL 36052 (E.D.Wa. Jan. 29, 1993); United States v. Rios-Paz, 808 F.Supp. 206 (E.D.N.Y.1992);
 
 III.
 
 31
 Accordingly, it is ordered that Defendant-Petitioner Stewart's Motion to Vacate and Correct Sentence, filed January 4, 1993, is DENIED.
 
 
 32
 Dated this 12th day of March 1993, at Denver, Colorado.
 
 BY THE COURT:
 
 33
 ------/s/ Sherman G. Finesilver
 
 
 34
 ------Sherman G. Finesilver, Chief Judge
 
 
 35
 ------United States District Court
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Policy Statement extends retroactivity to amendments 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461
 
 
 [2]
 We note that 1 U.S.C. § 109 applies only to statutes, not Commission rules. However, the analogy between the two is clear and compelling, as is the Sentencing Guidelines' exclusive list of retroactive changes