**UNITED STATES of America,**

v.

**Carlos BUILES, Defendant.**

No. 92–CR–39.

United States District Court,
N.D. New York.

Nov. 15, 1993.

Goldstein, Weintatein, & Fuld, Bronx, New York (Elliot H. Fuld, of counsel), for plaintiff.

Gary L. Sharpe, U.S. Atty., Albany, New York (William C. Pericak, of counsel), for defendant.

### MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

On February 6, 1992, Carlos Builes was indicted by a grand jury sitting in the Northern District of New York. Count One charged Builes with transporting more than $10,000 in U.S. currency from Canada to the United States, and willfully failing to file a report of that international transportation of currency, in violation of 31 U.S.C. §§ 5316, 5322(a). Count Two charged Builes with falsely denying that he was carrying more than $10,000 in U.S. currency, in violation of 18 U.S.C. § 1001.

Trial commenced on June 1, 1992, in Watertown, New York. The evidence at trial established that Builes smuggled $240,000 in

U.S. currency into the United States via port of entry at Champlain, New York. The jury returned a verdict and found Builes guilty on both counts. At defendant's sentencing, this Court determined that the appropriate guideline provision was the 1991 United States Sentencing Guideline § 2S1.4, and computed Builes' Total Offense Level to be Level 19, as follows:

| | |
|---|---:|
| Base Offense Level | 9 |
| Enhancement for Value of the Fund ($240,000) | + 2 |
| Enhancement for knowledge/belief that funds were criminally derived | + 4 |
| Enhancement for knowledge/belief that funds were intended for illegal purpose | + 4 |
| Total Offense Level | 19 |

Total Offense Level 19 carries with it a sentencing range of 30 to 37 months, and this Court sentenced Builes to a term of imprisonment of 30 months. The sentence was later affirmed on appeal by the Second Circuit.

Since then, the U.S. Sentencing Commission amended the Sentencing Guidelines ("the 1993 Guideline") and § 2S1.4 was deleted by consolidation with § 2S1.3. The result of the amendment affects Builes' sentence in three significant ways. First, the 1993 Guideline reduces the base offense level from 9 to 6. Second, the 1993 Guideline reduces the enhancement based on knowledge or belief that the funds were criminally derived or intended to promote unlawful activity from 8 to 2. Third, the 1993 Guideline changes the table to be consulted from the money laundering table [1] to the fraud table [2] when determining the "value of funds" enhancement.

Both parties agree that the amended section is to be applied retroactively. *See Unit-ed States v. Colon,* 961 F.2d 41, 45 (2d Cir. 1992); *United States v. Park,* 951 F.2d 634, 635 (5th Cir.1992).

## II. DISCUSSION

18 U.S.C. § 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that— ... (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Both parties agree that the sentence should be modified pursuant to 18 U.S.C. § 3582(c)(2). The only dispute between the parties relates to the amount of money to be used in determining the enhancement for the "value of the funds." [3] The Government contends that the figure for the "value of funds" should be $240,000, the amount Builes was attempting to smuggle into the United States. Builes, on the other hand, contends that the amount should be $10,000, the amount triggering the reporting requirement. The difference between the two arguments is that if the Government's argument prevails there would be an 8 level increase resulting from this enhancement, and if defendant's argument prevails, there would be a 2 level increase.

| | |
|---|---:|
| Value of Funds ($240,000) | + 8 |
| Knew/Believed Funds were Unlawful Proceeds | + 2 |
| Total Offense Level | 16 |

Defendant Builes contends otherwise. He contends that the Total Offense Level should be 10 broken down as follows:

| | |
|---|---:|
| Base Offense Level | 6 |
| Value of Funds ($10,000) | + 2 |
| Knew/Believed Funds were Unlawful Proceeds | + 2 |
| Total Offense Level | 10 |

---

**1.** Pre-amended § 2S1.4 stated: "If the value of funds exceeded $100,000, increase the offense level as specified in § 2S1.1(b)(2)." § 2S1.1(b)(2) is the money laundering table.

**2.** The new § 2S1.3(a) states: "Base Offense Level: 6 plus the number of offense level from the *table in § 2F1.1 (Fraud and Deceit)* corresponding to the value of the funds." (emphasis added).

**3.** The Government contends that the Total Offense Level should be 16 broken down as follows:

| | |
|---|---:|
| Base Offense Level | 6 |

The relevant language in the amendments to the 1993 Guideline reveals one pertinent fact: the only change that has occurred since the 1991 Guideline is that the "value of funds" enhancement is now computed under a different table. When the Court sentenced the defendant, it had been determined that the value of the funds was $240,000. The defendant was sentenced accordingly under the appropriate table pursuant to the 1991 Guideline. The Court finds no reason why its prior determination of the "value of funds" should be disturbed when applying such value under the new table.

The defendant contends that "value of funds" should be defined as the amount of funds involved in the reporting requirement of the statute under which the defendant was convicted. He cites to the Application Note to Amended § 2S1.3 for this proposition. A closer examination of the Application Note, however, does not support such a contention.[4] "Value of funds" is defined as "the amount of funds involved in the ... *reporting conduct.*" United States Sentencing Commission, *Guidelines Manual* § 2S1.3, Application Note 1 (amend. 1993). Thus, the "value of funds" would amount to $240,000, the amount involved in the incident in question. Accordingly, the correct Total Offense Level in the case at bar is 16 which carries with it a sentencing range of 21 to 27 months.

### III. CONCLUSION

For the reasons discussed herein, it is hereby

**ORDERED,** that Petitioner's motion under 18 U.S.C. § 3582 is **granted** in accordance to the terms stated herein; and it is hereby

**ORDERED,** that a new sentence hearing be conducted on a future date to be determined by the Court.

**IT IS SO ORDERED.**

---

**4.** The defendant quotes § 2S1.3 as stating that the "value of funds" is defined as "... the amount of the funds involved in the structuring or reporting *requirement.*" Plaintiff's Affidavit p. 3 note 2. The correct reading is "reporting conduct" and not "reporting requirement."