28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio GARCIA-PIMENTEL, Defendant-Appellant.
 No. 93-50267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1994.
Decided July 13, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Antonio Garcia-Pimentel (Garcia) appeals his jury conviction for importation of cocaine and possession with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 952 and 960. Garcia challenges the government's use of certain evidence in rebuttal and cross-examination because the government failed to provide this evidence in pretrial discovery.
 
 I.
 
 4
 On May 28, 1992, Garcia was arrested at the Tecate, California Port of Entry driving a white pickup truck containing 50 kilograms of cocaine. Garcia moved for pretrial discovery including "[c]opies of all Tecs[1] records run on the vehicle in which MR. GARCIA was driving." The government is able to obtain TECS records for either a three day or one year period. The government provided Garcia with a three day record showing the truck had crossed the border on May 6, 1992 and May 8, 1992. The government maintains it did not obtain a one year record at that time.
 
 
 5
 Garcia has had two trials. The first ended in a mistrial after the jury deadlocked. In the second trial Garcia was convicted and he now appeals.
 
 
 6
 In both trials, Garcia testified that he had never seen the truck before May 6, 1992, when he was approached by a man who discussed an alien smuggling scheme. He admitted driving the truck across the border on May 6, 1992 and May 8, 1992 but denied any knowledge of the cocaine. He also testified that he was in Mexico continuously from January 1992 to April 7, 1992.
 
 
 7
 During cross examination in the second trial, the government questioned Garcia about a speeding ticket he received in the United States on March 28, 1992 while driving a vehicle with a California license number 3UO3646. Garcia's objection to the question was overruled. However, the court denied the government's request to admit a copy of the ticket as an exhibit for a lack of foundation. On redirect, Garcia testified that he obtained a new driver's license in January 1992 because he had lost his license in the previous year.
 
 
 8
 In rebuttal, the government presented testimony by the officer who issued the ticket. She identified Garcia as the driver of the vehicle bearing license number 3UO3646. The court admitted her copy of the ticket as an exhibit. Garcia did not object to her testimony or admission of the ticket. The government discovered the ticket through a Department of Motor Vehicles' search conducted three days before the second trial. Also during rebuttal, the government presented the testimony of a U.S. Customs agent. Over defense objections, this agent testified about two government exhibits. The first exhibit, a one year TECS report, showed the truck's border crossings for an entire year. The truck had crossed the border twenty-five times. The second exhibit was a TECS report for the vehicle Garcia was driving when he received a speeding ticket on March 28, 1992. The records showed the two vehicles had entered the United States within five minutes of each other on March 28, 1992. The government had obtained these TECS reports the day before trial.
 
 A.
 
 9
 Garcia contends the court erred by allowing the U.S. Customs Agent's testimony and by admitting the TECS reports into evidence. Garcia argues that the testimony and the reports were irrelevant and that the government violated Fed.R.Crim.P. 16 by failing to disclose the reports during pretrial discovery.
 
 
 10
 This court reviews a district court's relevancy determinations for abuse of discretion, United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir.1992), and we review a court's interpretation of Fed.R.Crim.P. 16 de novo. United States v. Peters, 937 F.2d 1422, 1424 (9th Cir.1991). Questions of admissibility which involve factual questions, rather than legal questions, are reviewed for abuse of discretion. United States v. Sanchez-Robles, 927 F.2d 1070, 1077-78 (9th Cir.1991). Garcia, however, did not make a relevancy objection. R.T. 11/4/92: 218. See United States v. Houser, 804 F.2d 565, 570 (9th Cir.1986) ("A ruling on the admissibility of evidence cannot be raised on appeal if no contemporaneous objection was made at trial unless plain error is shown.")
 
 
 11
 Even if Garcia had made a relevancy objection, the TECS reports were relevant rebuttal evidence even though they do not identify the driver of the vehicle. In Sanchez-Robles, the appellant was arrested while driving a friend's van, loaded with drugs, across the border. The appellant testified that she borrowed the van because her daughter had taken her vehicle to go on a date. She denied any knowledge of the drugs, claiming she had only known the van's owner for a month. One TECS report admitted into evidence listed the border crossings for her car while another listed the border crossings of the van. The reports showed her vehicle and the van previously crossed the border in close proximity. This court held the circumstantial evidence rebutted her claim that she had known the van's owner for only a month. Id. at 1078. The reports also rebutted Sanchez-Robles's daughter's testimony regarding the time she brought her mother's vehicle back from Mexico that evening. This cast doubt on Sanchez-Robles's explanation of why she borrowed the van.
 
 
 12
 Here, the government used the reports in a similar manner to rebut Garcia's testimony that he had never seen the truck prior to May 6, 1992. We find the agent's testimony and report to be relevant rebuttal evidence.
 
 B.
 
 13
 Next, Garcia argues the court erred in admitting TECS reports because the government violated Rule 16(a)(1)(C)[2] and Rule 16(c)[3] by failing to provide the reports during pretrial discovery. Garcia requested "[c]opies of all Tecs records run on the vehicle which Mr. Garcia was driving." He did not request a TECS report for the vehicle he was driving on March 28, 1992 when he received the speeding ticket.
 
 
 14
 The court overruled Garcia's objection finding the reports proper rebuttal evidence.[4] Garcia is permitted to discover documents in the government's possession if the documents are "material to the preparation of the defendant's defense." Fed.R.Crim.P. 16(a)(1)(C). "Materiality is a necessary prerequisite to discovery." United States v. United States Dist. Court, 717 F.2d 478, 480 (9th Cir.1983).
 
 
 15
 Evidence is material under Rule 16 if it is "relevant to the development of a possible defense," United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990) (citation and internal quotations omitted), or it "enable[s] the accused to substantially alter the quantum of proof in his favor." United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir.1976). However, nondisclosure of Rule 16 material requires reversal only if the nondisclosure prejudiced Garcia's substantial rights. United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 
 16
 Garcia argues he was denied the opportunity to prepare his case to meet the evidence. But see, United States v. Delia, 944 F.2d 1010, 1017-18 (2nd Cir.1991) (rule 16 does not require the government to disclose rebuttal evidence intended for use against a line of defense); United States v. Presser, 844 F.2d 1275, 1285 (6th Cir.1988) (government not required to turn over impeachment evidence which tends to negate guilt). Garcia does not explain how prior knowledge of the TECS report might have changed his defense. Nor does he explain how he would have defended himself in light of the reports. He does not assert he would have changed his testimony or how any prior knowledge of the existence of the TEC reports would change the trial outcome. Garcia fails to show prejudice to his defense.[5]
 
 II.
 
 17
 Garcia additionally contends that the district court erred by allowing the government to present evidence of the speeding ticket he received on March 28, 1992 because the government failed to comply with discovery rules. First, Garcia argues the government failed to disclose the speeding ticket despite Garcia's request for prior criminal records under Rule 16(a)(1)(B)[6] However, a California speeding ticket does not come under the purview of Rule 16(a)(1)(B). United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir.1990).
 
 
 18
 Second, Garcia contends the court erred by admitting the ticket through the testimony of the officer who issued the ticket in violation of Fed.R.Evid. 608(b). Rule 608 "prohibits a party from introducing extrinsic evidence solely for the purpose of attacking the credibility of the witness." Sanchez-Robles, 927 F.2d at 1078 (emphasis original, citation and internal quotations omitted). However, the evidence is admissible if it is also relevant to disproving the defense. Id. The officer's testimony and the ticket did more than impeach Garcia. The testimony placed Garcia in a car which crossed the border in close proximity to the truck on March 28, 1992. This circumstantial evidence rebutted Garcia's contention he did not know about the drugs and that he had never seen the truck before May 6, 1992. Id.
 
 
 19
 Lastly, Garcia argues the court erred by admitting the ticket because the government failed to comply with Rule 16(a)(1)(A). Rule 16(a)(1)(A) requires the government to reveal "any written or recorded statement made by the defendant." While it is most unlikely that the ticket amounts to a statement by Garcia, even if the ticket is discoverable as a Rule 16(a)(1)(A) writing, admission of the ticket was cumulative. We find no error.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Treasury Enforcement Communications System: a computer data base that includes border crossing records among its features
 
 
 [2]
 Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph ... papers ... [or] documents ... which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in its case in chief at the trial
 Fed.R.Crim.P. 16(a)(1)(C).
 
 
 [3]
 If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, such party shall promptly notify the other party or the other party's attorney or the court of the existence of the additional evidence or material
 Fed.R.Crim.P. 16(c).
 
 
 [4]
 Garcia contends the government failed to raise a materiality objection to the discovery motion, and thus, the government waived the argument. This claim fails because the government did not have the one year TECS report at the time Garcia argues the government was required to make an objection. Furthermore, Garcia argued the materiality of the reports in his opening brief. See United States v. Nukida, 8 F.3d 665, 669 (9th Cir.1993). Additionally, the government raised the issue in the district court in response to Garcia's objection. The government stated the reports were not Brady material, and therefore, the government did not disclose them. See United States v. Goldberg, 582 F.2d 483, 488 (9th Cir.1978), cert. denied, 440 U.S. 973 (1979) (Under Brady v. Maryland, 373 U.S. 83 (1963), the government must comply with a defendant's specific request for information "where the evidence is material to either guilt or punishment."). The court overruled Garcia's objection
 
 
 [5]
 Because we conclude that the Government's failure to disclose the TECS report did not substantially prejudice Garcia's rights, we do not decide whether or not the nondisclosure of those reports was improper
 
 
 [6]
 Garcia did not object to the rebuttal testimony of the issuing officer or admission of the ticket. Garcia contends the court overruled previous objections during the government's cross-examination of Garcia. Yet, the court denied the government's previous attempt to admit a copy of the ticket for lack of foundation