91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Carlos CASTRO-BARRAZA, Defendant-Appellant.
 No. 95-10302.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.
Decided July 29, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Carlos Castro-Barraza was convicted of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). He appeals the district court's denial of his motion, made prior to trial, for disclosure of information relevant to calculation of his sentence under the Guidelines; the district court's denial of his motion for acquittal based on the insufficiency of the evidence; the district court's determination that he did not qualify for the U.S.S.G. § 5C1.2 "safety valve" exception to the minimum sentence; and the district court's determination that he was not entitled to a downward adjustment in his sentence based on acceptance of responsibility.
 
 
 4
 A. Motion for Disclosure of Guideline Information
 
 
 5
 Castro Barraza appeals the district court's denial of his motion, styled "Motion for Disclosure of Guideline Sentencing Information," filed pursuant to Rule 16 of the Federal Rules of Criminal Procedure.
 
 
 6
 Castro-Barraza asserts that Rule 16 entitled him to discovery prior to trial of any and all information in the possession of, or available to, the Government concerning his status under the Sentencing Guidelines.
 
 
 7
 Federal Rule of Criminal Procedure 16(a)(1)(B) provides:
 
 
 8
 Upon request of the defendant the government shall furnish to the defendant such copy of the defendant's prior record, if any, as is in possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.
 
 
 9
 In this case, the Government did not come into possession of information concerning Castro-Barraza's 1994 concealed weapon conviction until the pre-sentence report was prepared subsequent to Castro-Barraza's conviction. This Court has stated that a prosecutor fulfills his duty of discovery and disclosure under Rule 16(a)(1)(B) by revealing the defendant's record of prior convictions and any F.B.I. rap sheet. U.S. v. Trejo-Zambrano, 582 F.2d 460, 465 (9th Cir.1978); see also United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir.1991) (holding that government was not required to reveal speeding ticket because minor offenses do not appear on defendant's criminal record). The absence of the September 1994 state gun violation from the settlement conference report did not violate Rule 16 because the conviction, due to its recent nature, was not yet on Castro-Barraza's record, as made available to the probation officer in the ordinary performance of his duties. In light of the practical realities involved in gathering information needed to sentence a defendant under the guidelines, the Court declines to construe Rule 16 to create an obligation on the part of the Government to provide greater information than is available to the Probation Department in the course of the regular performance of its duties.
 
 
 10
 B. Sufficiency of Evidence to Prove Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii)
 
 
 11
 To sustain a conviction for possession of marijuana with intent to distribute it, "the government must prove that the defendant (1) knowingly (2) possessed the marijuana (3) with intent to distribute it." See United States v. Quintero-Barraza, 78 F.3d 1344, ---- (9th Cir.1995).
 
 
 12
 In this case Castro-Barraza testified at trial that he was the passenger and knew that there was a large amount of marijuana in the Dodge Caravan. He also admitted that he had told Agent Fresquez that he was the driver at the time of the arrest. The testimony of Agent Fresquez, Mary Vanover and Mary Archibald concerning the clothing of the driver and passenger of the Caravan, as well as the direction of their flight, was not inconsistent with a conclusion that Castro-Barraza was the driver. Thus, when reviewing the evidence in the light most favorable to the prosecution, the jury could have found that Castro-Barraza was driving a vehicle containing 430 pounds of marijuana which he was to deliver to another individual, fled when followed by a law enforcement officer, and gave contradictory stories to explain his actions. These facts support a conviction of possession of marijuana with intent to distribute it. See Id. See also United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976) ("when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of the contraband").
 
 
 13
 C. Qualification for the U.S.S.G. § 5C1.2 "Safety Valve" Exception
 
 
 14
 U.S.S.G. § 5C1.2 provides that the district court "shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum, if the court finds that the defendant meets" five statutory criteria. One such criteria is that the defendant "not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Castro-Barraza challenges the district court's inclusion of his 1994 state weapons possession charge in the calculation of his criminal history points. If the weapons charge is included, Castro-Barraza is ineligible for the U.S.S.G. § 5C1.2 "safety valve."
 
 
 15
 U.S.S.G. § 4A1.2(a)(1) provides that "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere for conduct not part of the instant offense." Castro-Barraza urges, as he did below, that the 1994 weapons charge should not have counted because the conviction was invalid under Arizona law because it resulted in a suspended sentence and forfeiture of the weapon--a combination that Castro-Barraza asserts does not accord with Arizona law.
 
 
 16
 The district court rejected Castro-Barraza's arguments. The Court concludes that the district court did not err in counting Castro-Barraza's 1994 state conviction for carrying a concealed weapon towards his criminal history where Castro-Barraza's record indicated a valid conviction and where the district court heard testimony from the Arizona magistrate that the magistrate had found Castro-Barraza guilty of carrying a concealed weapon. Furthermore, Guideline § 4A1.2 does not provide a basis to challenge the validity of a prior conviction. U.S. v. Price, 51 F.3d 175, 177-178 (9th Cir.1995).
 
 
 17
 D. Adjustment Based on Acceptance of Responsibility
 
 
 18
 U.S.S.G. § 3E1.1 authorizes a two-point reduction in the base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense. The burden is on the defendant to "clearly" show that he is deserving of the reduction. United States v. Alexander, 48 F.3d 1477, 1493 (9th Cir.1995).
 
 
 19
 In this case Castro-Barraza put the government to its proof at trial. While a defendant's decision to exercise his right to trial does not automatically render him ineligible for a reduction for acceptance of responsibility, such a situation is rare. Id. at 1494. Here, Castro-Barraza has gone beyond asserting a defense of duress and has challenged the sufficiency of the evidence establishing his possession of the drugs at trial and on appeal. Cf. U.S. v. Ing, 70 F.3d 553, 555-556 (9th Cir.1995) (trial court erred in denying defendant a reduction for acceptance of responsibility where there was nothing to identify such a failure other than the assertion of an entrapment defense at trial). Furthermore, Castro-Barraza either lied at the time of his arrest or during his trial testimony. Finally, Castro-Barraza's presentence report indicates the probation officer's conclusion that "[t]he defendant ... attempts to minimize his participation [in the offense]." In light of the foregoing, the Court concludes that the district court's determination that Castro-Barraza was not entitled to the two-point reduction for acceptance of responsibility was not clearly erroneous.
 
 
 20
 The Court AFFIRMS Castro-Barraza's conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) and the sentence imposed.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3